IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 1:18-mc-00016-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S APPLICATION FOR FINAL WRIT OF GARNISHMENT |
| v. | |
| MAHENDRA PRASAD, | |
| Defendant, | ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS |
| TECHNOLOGY CREDIT UNION, (and its Successors and Assignees) | (ECF No. 12) |
| GARNISHEE. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Currently pending before the Court is the United States' application pursuant to section 3205(c)(7) of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. §§ 3001, et seq., for a final order garnishing the non-exempt property and accounts Mahendra Prasad ("Defendant") maintains at garnishee Technology Credit Union. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

**I.**

**BACKGROUND**

On April 27, 2017, Defendant entered into a plea agreement with the Government. United States v. Mahendra Prasad, no. 1:15-cr-0045-LJO-BAM, ECF No. 157. Pursuant to the plea agreement, on May 22, 2017, Defendant entered a plea of guilty to count six of the superseding indictment charging him with

1

mail fraud in violation of 18 U.S.C. § 1341.  Id., ECF Nos. 157, 171.  On August 14, 2017, Defendant was sentenced to 15 months of custody; a special assessment of $100; 60 months of supervised release; and restitution of $328,000. to be paid jointly and severally after the co-defendants trial and sentencing.  Id., ECF No. 179.  On August 21, 2017, District Judge Lawrence J. O'Neill entered an order for forfeiture of money judgment, ordering that Defendant shall forfeit to the United States $328,000. and a personal forfeiture money judgment was entered against Defendant in that amount.  Id., ECF No. 180.  On April 28, 2017, an amended judgment was entered against Defendant, as relevant here, Defendant was ordered to pay the $100. assessment and restitution of $328,000.  Id., ECF No. 182 at 6.  On December 21, 2018, the underlying criminal case was transferred to the Northern District of California.  Id., ECF Nos. 198 and 199.  The instant garnishment case was not transferred pursuant to the December 21, 2018 transfer order.[1]  Id., ECF No. 198.

In an attempt to collect the restitution owed by Defendant, on March 26, 2018, the Government filed an application for a writ of garnishment for bank accounts at Technology Credit Union in which Defendant has an interest.  ECF No. 1.  On May 26, 2018, the writ of garnishment was entered and Technology Credit Union was served with a copy of the writ.  ECF Nos. 2,3.  On March 29, 2019, Defendant and his spouse, Padma Wati Khetan, were served with 1) the application for writ of garnishment; 2) the issued writ of garnishment; 3) the clerk's notice of instructions to judgment debtor re: writ of garnishment; 4) defendant's request for hearing form (blank); 5) Padma Wati Ketan's request for hearing form (blank); 6) instructions to Defendant/judgment debtor and Padma Wati Khetan on how to claim exemptions; 7) a claim for exemptions form (blank); 8) instructions to judgment debtor and Padma Wati Khetan re: objecting to the answer of garnishee; 9) a notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions; and 10) a consent or decline jurisdiction of a United States magistrate judge form.  ECF No. 5.

On April 2, 2019, Technology Credit Union's acknowledgement of service and answer of garnishee was filed and a copy was re-served on Defendant at an address which included his inmate number.  ECF Nos. 6, 7.  Technology Credit Union's answer identifies Defendant and Ms. Khetan as the joint owners of two accounts with the following balances: No. ***292-00, $7,725.82; and No. ***292-

---

[1] A related garnishment action, Case No. 1:18-mc-00013-LJO-SAB, is also pending.

2

11, $3,877.64. ECF No. 7 at 2. On March 30, 2018, Defendant and Ms. Khetan were served with the acknowledgement of service and answer. Id. at 4. On June 17, 2019, the Government filed the instant application for final garnishment order. ECF No. 12.

The Court, having reviewed its files and the application, recommends that the request be granted for the reasons explained below.

## II.

## DISCUSSION

The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B)). The Mandatory Victims Restitution Act ("MVPA") made restitution mandatory for certain crimes, including mail fraud, the crime of which Defendant was convicted. See 18 U.S.C. §§ 1341, 3663A(a)(1), 3663A(c)(1)(A)(ii). The MVPA provides that the United States may enforce a judgment imposing a fine, which includes restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. Mays, 430 F.3d at 965 & n.2. Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located.." 28 U.S.C. § 3205(a).

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). If a garnishment hearing is held, it is limited to the issues of (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default . . . to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

Among other things, the documents served to Defendant and Ms. Ketan on March 29, 2019, advised Defendant and Ms. Khetan of their rights to: claim exemptions to garnishment and request a hearing on their claims; request a hearing to oppose the writ; and object to Technology Credit Union's acknowledgement of service and answer of garnishee and request a hearing. ECF No. 5-3 - 5-7. Specifically, Defendant and Ms. Khetan were advised that they had twenty (20) days from the date they received the writ package to claim exemptions or request a hearing in opposition to this proceeding as required by 28 U.S.C. § 3202(d). ECF Nos. 5-4 – 5-6. Defendant and Ms. Khetan were also advised that they had twenty (20) days from the date Technology Credit Union served its answer to a file an objection to the answer and request a hearing pursuant to 28 U.S.C. § 3205(c)(5). ECF No. 5-7. Defendant and Ms. Khetan have not filed any opposition to this garnishment proceeding, nor claimed exemptions, objected to the answer or requested a hearing. Their time to do so has expired.

Defendant's joint ownership of the two Technology Credit Union accounts are property as defined in 28 U.S.C. § 3002(12) and, therefore, are subject to garnishment. 28 U.S.C. § 3205(a).

The garnishment application also seeks to recover the ten percent (10%) litigation surcharge of the judgment amount balance as authorized by 28 U.S.C. § 3011(a). ECF No. 1. The FDCPA provides that the United States in entitled to recover a litigation surcharge in connection with the recovery of a debt. 28 U.S.C. § 3011(a). Debt under the FDCPA includes the assessment, fine and restitution. 28 U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies. United States v. Sackett, 114 F.3d 1050, 1053 (10th Cir. 1997) (citing 28 U.S.C. §§ 3011(a). The government's garnishment action here is a post-judgment remedy under 28 U.S.C. § 3205. Subject to exclusions not relevant here, Section 3011 provides that the recoverable surcharge amount is 10% of the debt sought to be collected. 28 U.S.C. § 3011(a). As of June 12, 2019, the balance of Defendant's judgment is $327,400. ECF No. 1 at 2; ECF No. 12 at 2. Here, the Government is seeking a litigation surcharge of $32,740. The Government is entitled to a surcharge on the amount of debt sought to be collected.

Pursuant to 28 U.S.C. § 3205(c)(7), after the garnishee files its answer, and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee

as to the disposition of the defendant's property and accounts. Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## III.
## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The United States' application for a final order of garnishment be granted;
2. Defendant Mahendra Prasad's non-exempt Technology Credit Union property and joint accounts be garnished;
3. The United States be entitled to recover the ten percent (10%) litigation surcharge ($32,740) authorized under 28 U.S.C. § 3011(a) in addition to the unpaid $327,400 judgment balance;
4. Garnishee Technology Credit Union be ordered to liquidate and pay to the Clerk of Court the contents of Defendant's account nos. ***292-00 ($7,725.82 plus any money deposited after March 28, 2018), and ***292-11 ($3,877.64 plus any money deposited after March 28, 2018). Garnishee shall make the payment via cashier's check or money order payable to the "Clerk of the Court."

IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant Prasad and Ms. Khetan and file notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2019**

UNITED STATES MAGISTRATE JUDGE